{¶ 27} I respectfully dissent from the opinion of the majority because I believe appellee's conduct may have been fraudulent and/or may have constituted a breach of its fiduciary duty to appellant.
 {¶ 28} "`A fiduciary relationship' is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." Lippy v. Society Natl. Bank (1993),88 Ohio App.3d 33, 39, quoting Stone v. Davis (1981), 66 Ohio St.2d 74,78.
 {¶ 29} The crux of appellant's arguments on appeal is that appellee committed fraud and breached its fiduciary duty by advising her to open an account which was subject to setoff of a debt owed by Snyder to appellee at the time the joint account was opened. In her complaint, appellant alleged that appellee's conduct was "willful, unlawful, malicious and/or fraudulent."
 {¶ 30} As noted by the majority, appellant opened a joint account with the intent that Snyder could access the funds only in the case of appellant's death or incapacitation. To this end, appellant met with Darlene Ross ("Ross"), a vice president of the Wickliffe branch of Bank One, on May 10, 1999. In her affidavit, appellant averred that she informed Ross that she wanted to open an account that would allow her boyfriend, Snyder, to access the funds only in the event of her death or incapacitation and specifically emphasized that she "wanted no one to be able to get that money" and that she was "very concerned that Mr. Snyder's creditors would be able to seize the money in the account." Appellant averred that Ross "assured me that the money would be completely safe and always available for use in the operation of my business." Upon this advice, appellant opened a joint bank account and signed a bank card acknowledging receipt of the Account Rules and Regulations, which state if "one or more joint owners are indebted to the Bank in any manner, the Bank may use the funds in the joint Account to pay the debt." However, when the account was opened, appellant was unaware that Snyder was already in default on his auto lease financing agreement with appellee in the sum of $20,516.80. The record is devoid of any evidence that appellee informed appellant of Snyder's indebtedness or that the Account Rules and Regulations authorized Bank One to immediately offset that amount of appellant's new deposit to satisfy Snyder's existing debt to Bank One. Would a person deposit funds into a bank account if they knew that they were subject to immediate off- set by the bank?
 {¶ 31} Bank One must be imputed with the knowledge of Snyder's preexisting debt since Snyder's lease was financed directly with Bank One. Therefore, Walter Bomar's affidavit stating that Bank One was not aware of Snyder's preexisting debt at the time appellant opened her joint account cannot absolve Bank One from its liability for fraudulent misrepresentation and/or its breach of fiduciary duty. Accordingly, appellant has raised a genuine issue of material fact as to whether appellee committed fraudulent misrepresentation and/or breached its fiduciary duty by assuring appellant that her money was safe from Snyder's creditors, when the funds were, in fact, subject to immediate setoff by Bank One because of Snyder's preexisting indebtedness.
 {¶ 32} Because appellant has raised a genuine issue of material fact, the trial court erred in granting summary judgment in favor of appellee. In light of the foregoing, I would reverse the judgment of the trial court and remand it for further consideration.